**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**DJENIFFER BENVINDA SEMEDO,**          **Civil Action No.**
                                        **26-10873-JEK**

Petitioner,

v.

**TODD M. LYONS, et al.,**

Respondents.

**PETITIONER'S EMERGENCY MOTION FOR RELEASE ON BAIL PENDING**
**ADJUDICATION OF PETITION FOR WRIT OF HABEAS CORPUS**
**AND MEMORANDUM OF LAW IN SUPPORT**

Petitioner Djeniffer Benvinda Semedo respectfully moves this Court, pursuant to its inherent authority in habeas corpus, for an order releasing her on bail pending adjudication of her First Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Ms. Semedo is approximately 24 weeks pregnant and is presently hospitalized at Beth Israel Deaconess Medical Center under Immigration and Customs Enforcement ("ICE") guard. She was hospitalized after being held for approximately three days in an ICE field-office "hold room" without adequate nutrition and without timely medical evaluation. Her treating physician has concluded that continued ICE detention places Ms. Semedo at heightened risk of serious pregnancy complications, including preterm labor. Because Ms. Semedo's habeas petition raises substantial constitutional and statutory claims and because extraordinary circumstances make release necessary to ensure that habeas relief remains meaningful, the Court should order Ms. Semedo's immediate release on appropriate conditions.

**I. RELEVANT FACTS**

1

Ms. Semedo is a 22-year-old citizen of Cape Verde who has lived in Massachusetts for approximately eleven years. She entered the United States in 2015 as a child beneficiary of her mother's lawful permanent resident status.

Ms. Semedo has no criminal convictions. A 2022 Brockton District Court complaint charging larceny by check under $1,200 was dismissed at arraignment and closed. She is actively defending a pending Massachusetts District Court case arising from a domestic dispute, and the state court released her on personal recognizance with conditions.

Ms. Semedo's immigration case is pending de novo review before the Executive Office of Immigration Review, and no final order of removal has issued. Her immigration court hearing is scheduled for July 30, 2026.

On February 11, 2026—immediately after Ms. Semedo appeared in Brockton District Court and was released on personal recognizance—ICE agents arrested her, placed her in handcuffs and ankle shackles despite her pregnancy, and transported her to the Burlington ICE Field Office.

Ms. Semedo was held in an ICE office holding cell for approximately three days. During that period, she reports that she received minimal and non-nutritious food options, that she was unable to obtain adequate hydration and pregnancy-appropriate nutrition, and that ICE delayed medical evaluation despite repeated requests.

Ms. Semedo's condition deteriorated rapidly. She developed worsening abdominal pain, nausea, vomiting, and decreased fetal movement. On February 13, 2026, she was transferred to Beth Israel Deaconess Medical Center for emergency care. Her treating team found gallstones (cholelithiasis) with concern for common bile duct obstruction and significant electrolyte

2

abnormalities requiring IV hydration and electrolyte replacement. Her pregnancy is medically fragile, and her physicians have warned that surgery at this gestational age carries risk of triggering preterm labor.

Ms. Semedo remains under ICE guard while hospitalized and faces the ongoing threat of being returned to detention upon discharge or transferred out of Massachusetts away from her medical providers. ICE has also restricted her ability to communicate with counsel and her medical proxy and has interfered with family support and physician-family communications.

On February 14, 2026, the emergency duty judge entered an order directing Respondents not to remove Ms. Semedo from the District of Massachusetts for at least 72 hours and ordering ICE to ensure that Ms. Semedo may communicate freely with her medical proxy and counsel while hospitalized. Despite that order, ICE has continued to impose significant restrictions and has insisted on pre-approving in-person access, including counsel visits. While her medical proxy was able to visit after repeated request to ICE field office, the restrictions imposed on Petitioner still are creating significant distress.

On the morning of February 17, 2026, for the first time, ICE officers informed Ms. Semedo that she must now keep her door open at all times or otherwise have visibility into her private space. In addition, they accused her of having an illicit cell phone in her room, asked her personal questions about her parents and time in the United States, questions unrelated to any legitimate governmental objective, and ominously warned her that "the truth is going to come out." Again, this conduct further highlights the unconscionable nature Respondent's conduct and the need for immediate further relief.

## II. LEGAL STANDARD

Federal courts sitting in habeas possess the inherent authority to release a petitioner on bail pending determination of the merits. *Woodcock v. Donnelly*, 470 F.2d 93, 94 (1st Cir. 1972) (per curiam); *Savino v. Souza*, 453 F. Supp. 3d 441, 454 (D. Mass. 2020). The First Circuit has recognized the exercise of that inherent bail authority in immigration habeas proceedings. See Da *Graca v. Souza*, 991 F.3d 60 (1st Cir. 2021).

This inherent bail power is "limited" and should be exercised only in unusual cases where release is necessary to protect the effectiveness of habeas relief. See *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972); *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001).

In the First Circuit, a court may grant bail to a habeas petitioner under a disjunctive test: bail is appropriate if either (1) the petitioner has a clear case on the law and facts, or (2) exceptional circumstances are present and the petitioner demonstrates a substantial claim of constitutional error. *Gomes v. U.S. Dep't of Homeland Sec.*, 460 F. Supp. 3d 132, 146 (D.N.H. 2020) (describing First Circuit standard).

Even under the more demanding Second Circuit framework articulated in *Mapp*—which requires both substantial claims and extraordinary circumstances that make bail necessary to render the habeas remedy effective—courts have recognized that severe health emergencies are the "prototypical" extraordinary circumstance warranting release. See *Mapp*, 241 F.3d at 230; *Gomes*, 460 F. Supp. 3d at 147.

Where a court holds a bail hearing in this context, district courts in this Circuit have placed the burden on the government to justify continued detention by clear and convincing evidence that the petitioner is a danger to the community or a flight risk. Gomes, 460 F. Supp. 3d at 148.

## III. ARGUMENT

**A. Ms. Semedo has a clear case on the law and facts warranting release on bail.**

Ms. Semedo's petition challenges the legality of her arrest and continued detention and alleges violations of the Due Process Clause and the Administrative Procedure Act. The petition alleges that ICE has detained her without any individualized showing that she poses a danger or a risk of flight, and without meaningful consideration of less restrictive alternatives—despite her lack of criminal convictions, her deep ties to Massachusetts, and her ongoing pregnancy.

At a minimum, Ms. Semedo's circumstances present a clear case that continued detention without individualized process is unlawful as applied. The Massachusetts District Court released Ms. Semedo on personal recognizance and imposed no cash bail, reflecting the Commonwealth's and the state court's assessment that she does not present a significant flight risk or danger. ICE nonetheless imposed the harshest form of civil confinement—first in an office holding cell for days, and now in a guarded hospital setting—without any showing that such confinement is reasonably necessary to assure appearance or protect the community.

Moreover, Ms. Semedo's detention has already resulted in serious medical harm. A detention decision that foreseeably deprives a medically vulnerable pregnant civil detainee of adequate nutrition, hydration, and timely medical evaluation cannot be justified as a regulatory measure and instead operates as unconstitutional punishment. See Bell v. Wolfish, 441 U.S. 520, 539 (1979).

**B. Extraordinary circumstances and substantial constitutional claims independently compel release to make habeas relief effective.**

Even if the Court does not view this case as satisfying the "clear case" prong, Ms. Semedo satisfies the alternative pathway: exceptional circumstances plus substantial constitutional claims.

First, extraordinary circumstances are present. Ms. Semedo is approximately 24 weeks pregnant and is hospitalized with gallbladder disease, significant electrolyte abnormalities, and obstetric findings that place her at heightened risk of preterm labor. Her treating physician has

warned that continued detention and stress materially increase the risk of pregnancy complications and that she requires a monitored diet, hydration, prenatal care, and social support that ICE cannot provide in an office holding cell or detention setting. A serious medical emergency of this nature is precisely the type of extraordinary circumstance that warrants release on bail pending adjudication. See *Gomes*, 460 F. Supp. 3d at 147 (collecting cases); Savino, 453 F. Supp. 3d at 454 (recognizing inherent bail authority may be exercised in a health emergency).

ICE's own policies underscore the extraordinary nature of this case. ICE Directive 11032.4 provides that, absent exceptional circumstances or a legal prohibition on release, ICE "should not detain, arrest, or take into custody" individuals known to be pregnant, postpartum, or nursing. Ms. Semedo's detention—first in an office hold room for days and now under guard in the hospital— runs directly contrary to that presumption and reinforces the need for court-ordered release.

Second, the petition raises substantial constitutional claims. The petition alleges that ICE detained a six-month-pregnant civil detainee in an office holding room for approximately three days with inadequate food and delayed medical transfer, resulting in hospitalization. It further alleges that ICE has interfered with access to counsel and with medical decision-making and family support while Ms. Semedo remains under guard in the hospital. These allegations state serious due process claims under the Fifth Amendment, including deliberate indifference to basic medical needs and punitive conditions of confinement.

Third, bail is necessary to make habeas relief effective. Ms. Semedo faces ongoing, irreparable risks that cannot be remedied after the fact. If Ms. Semedo suffers preventable pregnancy complications—including preterm labor—before the Court can adjudicate the petition, any later habeas relief would come too late. In addition, the petition alleges that ICE has threatened transfer outside Massachusetts. Transfer would disrupt critical medical care and materially impair

Ms. Semedo's ability to litigate this petition with counsel and family support, undermining the core purpose of habeas review. Release on bail is therefore necessary to ensure that the habeas remedy remains meaningful.

**C. Ms. Semedo is neither a danger nor a flight risk, and any residual concerns can be addressed by conditions of release.**

Ms. Semedo has no criminal convictions, has deep family and community ties in Massachusetts, and is currently receiving intensive medical care for a high-risk pregnancy. The state court released her on personal recognizance and imposed no cash bail. These circumstances weigh strongly against any finding that she poses a danger to the community or is likely to flee.

Any remaining concerns can be addressed through conditions of release tailored to ensure appearance and community safety, including home confinement, GPS monitoring, regular reporting, and restrictions on travel. The Court may also require that Ms. Semedo appear for all scheduled state court and immigration proceedings and comply with any ICE order of supervision. Such conditions would fully serve the government's regulatory interests while preventing grave and irreparable harm to Ms. Semedo and her unborn child.

**IV. CONCLUSION**

For the foregoing reasons, Petitioner respectfully requests that the Court grant this Motion and order her immediate release on bail pending adjudication of the habeas petition, including release from restrictions on contract with family while hospitalized and release directly from Beth Israel Deaconess Medical Center upon medical clearance and without any return to an ICE holding room or detention facility. Petitioner further requests that the Court impose appropriate conditions of release, such as reasonable reporting requirements, telephone check ins with Respondents as needed, and that the Court schedule any hearing on this Motion on an expedited basis.

Dated: February 16, 2026

*/s/ Carl Hurvich*
Carl Hurvich
Brooks Law Firm
10 High Street, Ste. 3
Medford, MA 02155
(617) 245-8090
carl@Brookslawfirm.com

*/s/ Todd C. Pomerleau*
Todd C. Pomerleau
Rubin Pomerleau, P.C.
Two Center Plaza, Suite 520
Boston, MA 02108
Tel.: (617) 367-0077
Fax: (617) 367-0071
rubinpom@rubinpom.com
MA BBO #664974

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1, undersigned counsel certifies that on February 17 2026, counsel conferred with counsel for Respondents regarding this Motion at 9:16 and again at 10:30, due to the emergency nature of the motion Respondent's counsel was unable to obtain Respondent's position."

Respondents' position:

/s/ Carl Hurvich
Carl Hurvich
Counsel for Petitioner


**CERTIFICATE OF SERVICE**

I hereby certify that on February 17th 2026, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all counsel of record. This motion was emailed to Rayford.Farquhar@usdoj.gov, civil chief, U.S. Attorneys Office for District of Massachusetts.

/s/ Carl Hurvich
Carl Hurvich
Counsel for Petitioner